[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 233.]

CUYAHOGA COUNTY BAR ASSOCIATION V. HUNSINGER.

[Cite as *Cuyahoga Cty. Bar Assn. v. Hunsinger*, 1997-Ohio-94.]

*Attorneys at law—Misconduct—Indefinite suspension—Deceiving client by falsely informing client that divorce case had been filed and giving client counterfeit "divorce decree"—Misdemeanor conviction for attempted drug abuse—Failure to file since 1991 certificate of registration with Clerk of the Supreme Court of Ohio—Failure to meet continuing legal education requirements.*

(No. 96-1541—Submitted September 10, 1996—Decided January 15, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-87.

————————————

{¶ 1} On December 4, 1995, the Cuyahoga County Bar Association ("relator") filed a complaint charging that Benjamin J. Hunsinger of Cleveland, Ohio, Attorney Registration No. 0034041 ("respondent"), had violated, *inter alia*, DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law), 6-101(A)(3) (neglect of an entrusted legal matter), and 7-102(A)(5)(knowingly making a false statement of fact) in his representation of John Stewart Murray. In 1992, respondent, after receiving a filing fee, falsely represented to Murray that he had filed a divorce proceeding on Murray's behalf. Respondent then gave Murray a counterfeit "divorce decree" which, in reality, was a document with the same case number as Murray's previously dismissed divorce proceeding and a forgery of the judge's name. Thereafter, in order to aid Murray in obtaining real estate financing, respondent represented to a mortgage financing company in Atlanta, Georgia, that Murray's divorce proceedings would be finalized

in three to five weeks. Respondent later apologized to Murray, returned the filing fee to him, and testified in a later divorce proceeding brought by Murray that he had a drug problem, had falsified the court order, and had lied to Murray.

{¶ 2} The relator also charged that respondent had violated DR 1-102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law) as a result of his misdemeanor conviction in August 1993 in the common pleas court of attempted drug abuse.

{¶ 3} Finally, the relator charged that respondent had not filed a certificate of registration with the Clerk of the Supreme Court of Ohio since 1991 in violation of Gov.Bar R. VI(1)(A) and failed to meet the continuing legal education requirements of Gov.Bar R. X and had so engaged in the unauthorized practice of law in violation of Gov.Bar R. VII(2)(A) and DR 3-101(B).

{¶ 4} Respondent failed to answer the complaint, and the relator moved for default on April 4, 1996. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio ("board") determined that a hearing was unnecessary, issued findings of fact and conclusions of law, and recommended that respondent be indefinitely suspended. On June 14, 1996, the board found the facts to be as stated herein, found that the above Disciplinary Rules and Rules for the Government of the Bar had been violated, and recommended that respondent be indefinitely suspended from the practice of law.

_____

*Charles S. Rawlings, Mary Ann Rini* and *Brian M. Urban*, for relator.

_____

***Per Curiam.***

{¶ 5} We adopt the findings of fact of the board and find that respondent violated DR 1-102(A)(4), 6-101(A)(3), and 7-102(A)(5) in his representation of John Stewart Murray. Further we conclude that respondent engaged in conduct that adversely reflects on his fitness to practice law in violation of DR 1-102(A)(6) by

2

reason of his conviction for attempted drug abuse, by his undertaking to represent Murray when he had failed to comply with the registration requirements of Gov.Bar RVI, and by his failing to meet the continuing legal education requirements of Gov.Bar R. X.

{¶ 6} In *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237, an attorney falsely told the client he had filed a case, misrepresented to his client the status of the purportedly filed case, and then counterfeited documents in the fictitious case. In *Fowerbaugh*, under facts similar to these, we expressed our growing concern with the number of discipline matters in which members of the bar of Ohio have deceived their clients or a court and said: "Respect for our profession is diminished with every deceitful act of a lawyer. We cannot expect citizens to trust that lawyers are honest if we have not yet sanctioned those who are not. * * * When an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1-102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time." *Id*. at 190, 658 N.E.2d at 239-240.

{¶ 7} By our order of August 11, 1995, respondent was suspended from the practice of law pursuant to Gov.Bar R. X, and his "name stricken from the roll of attorneys maintained by this court," for his failure to pay a previous court-ordered sanction for noncompliance with continuing legal education requirements in a previous reporting period in addition to noncompliance in the 1992-1993 reporting period.

{¶ 8} Respondent has demonstrated not only his lack of respect for his clients, but his lack of respect for his profession and the orders of this court. We hereby suspend respondent indefinitely from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____